YANO L. RUBINSTEIN (State Bar No. 214277)
*yano@rublaw.com*
KYMBERLEIGH N. KORPUS (State Bar No. 217459)
*kkorpus@rublaw.com*
RUBINSTEIN LAW LIMITED
2021 Fillmore Street #2260
San Francisco, CA 94115
Telephone:  415.967.1970
Facsimile: 415.236.6409

Attorneys for Plaintiff CFO RICK, INC.

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CFO RICK INC., a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL YOUNG, an individual,<br><br>    Defendant. | **Case No.: 3:25-cv-09896**<br><br>**DECLARATION OF RICK BELGARDE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THIS ACTION UNDER 9 U.S.C. §§ 3-4;**<br><br>**and**<br><br>**REQUEST FOR ORDER ENJOINING ARBITRATION PENDING RESOLUTION OF PLAINTIFF'S COMPLAINT** |

# DECLARATION OF RICK BELGARDE

I, Rick Belgarde, declare as follows:

1.    I am the CEO of CFO Rick, Inc. ("CFO Rick") in the above-titled action.  I make this Declaration in my personal capacity and as a fact witness, in support of CFO Rick's Opposition to Defendant's Motion to Compel Arbitration and to Dismiss or Stay This Action under 9 U.S.C. §§3-4 and Request for Order Enjoining Arbitration Pending Resolution of Plaintiff's Complaint (the "Opposition"). I know the following facts to be true of my own knowledge, and if called upon to testify in this matter, I could and would testify competently to the following:

## CFO Rick Formation and Operation

1.    On January 1, 2009, I executed an employment agreement (the "Employment Agreement") with CFO Rick, Inc., I was retained as Executive (i.e., CEO) for CFO Rick, Inc..

2.    I have filed federal and California state tax returns in my own name each calendar year since before 2009.

## The Operating Agreement

3.    On or about August 20, 2020, I executed the Millwright Holdings LLC Operating Agreement (Dkt. 14-1) (the "Operating Agreement") in my personal capacity, and not as a representative of CFO Rick.  I was not authorized by CFO Rick to execute the Operating Agreement on its behalf, and I did not execute the Operating Agreement with the intent that the Operating Agreement bind or benefit CFO Rick in any way.

4.    I was not appointed CFO of Millwright Holdings LLC ("Millwright Holdings," "Millwright," or "Company") before, or by virtue of, executing the Operating Agreement, either in my personal capacity or as a representative of CFO Rick.  I do not, and have not, understand the Operating Agreement to define any roles, duties, obligations, or benefits accruing to a CFO.

5.    I do not dispute I executed the Operating Agreement in my individual capacity on or about August 20, 2020, thereby agreeing in my personal capacity to be bound by the Agreement as a Member. The copy of the Operating Agreement appearing in Dkt. 14-1 is a true and correct copy of the Operating Agreement as it appeared on August 20, 2020.

R. BELGARDE DECL ISO OPP TO MTN TO COMPEL ARB.    25CV09896
2

RUBINSTEIN LAW

6. I deny Young's sworn allegations that I personally executed each subsequent amendment to the Operating Agreement, and that none of the amendments modified or removed the arbitration provision, as none of the amendments have been made a part of the court record for me to review and confirm.

7. I deny that asked to become a Member of Millwright and to be designated the Company's CFO.

**Belgarde Denials of Baseless Allegations Appearing In the Motion to Compel**

8. To the extent not already denied or refuted above, I deny each and every one of the factual allegations listed below on the bases that they are untrue:

Re: Pre-Operating Agreement Relationship (2017–2020)

a. I deny Young's allegations that CFO Rick handled all the accounting and finance-related work, as well as taxes, for Millwright, and that this arrangement continued without interruption after Millwright was formed, around which time, I asked to become a Member of the Company and to be designated Millwright's Chief Financial Officer ("CFO"). This allegation appears at Dkt. 12 at 6:13-6:17.

Re: Formation and Execution of the Operating Agreement

and Alleged CFO Role (2020 Onward)

b. I deny Young's allegations that Millwright's Members agreed to a purported request by me to be CFO with the understanding that CFO Rick would continue performing the CFO duties it was already performing, but do so on my behalf. This allegation appears at Dkt. 12 at 6:18-6:19.

c. I deny Young's allegations that I executed the Agreement when I was admitted as a Member and that I accepted the CFO position on behalf of myself and CFO Rick. This allegation appears at Dkt. 12 at 17:10-17:12.

d. I deny Young's allegations that when I executed the Agreement, I was acting as the agent of CFO Rick and that CFO Rick was to perform the main duties

and reap the benefits of the Agreement. This allegation appears at Dkt. 12 at 19:5-19:8.

e.  I deny Young's allegations that my signature on the Agreement was ultimately intended to allow CFO Rick to accept the rights and responsibilities of the Company's CFO position. This allegation appears at Dkt. 12 at 19:14-19:16.

f.  I deny Young's allegations that CFO Rick (i) was delegated and agreed to perform contractual duties purportedly owed by me under the Agreement, and that CFO Rick (ii) derived direct benefits from the Agreement, and (iii) operates as my instrumentality or alter ego. This allegation appears at Dkt. 12 at 6:1-6:5.

g.  I deny Young's allegations that CFO Rick undertook and performed obligations and contractual duties assigned to me individually, received direct benefits flowing from the contract, and repeatedly blurred the line of corporate distinction between itself and me in undertaking any duties. This allegation appears at Dkt. 12 at 15:10-15:15.

h.  I deny Young's allegations that CFO Rick's provision of services to Millwright is inextricably intertwined to my conduct under the Operating Agreement. This allegation appears at Dkt. 12 at 21:7-21:8.

<u>Re: Performance and Operations Under</u>

<u>the Alleged CFO Role (Post-2020)</u>

i.  I deny Young's allegations that CFO Rick was delegated and actively performed all the duties and obligations owed by me under the Agreement. This allegation appears at Dkt. 12 at 7:1-7:3.

j.  I deny Young's allegations that the financial oversight of Millwright was entrusted to me in the capacity as Millwright CFO, with the underlying duties associated with that role being delegated to and carried out by CFO Rick. This allegation appears at Dkt. 12 at 8:5-8:9.

R. BELGARDE DECL ISO OPP TO MTN TO COMPEL ARB.                    25CV09896
4

k. I deny Young's allegations that CFO Rick performed 100% of any Millwright CFO obligations, and that I performed none independently. This allegation appears at Dkt. 12 at 7:7-7:8.

l. I deny Young's allegations that I held the CFO title under the Agreement but did not perform the CFO work personally, while CFO Rick did. This allegation appears at Dkt. 12 at 22:19-22:22.

m. I deny Young's allegations that CFO Rick performed the Company's CFO functions, but only because I was named CFO under the Agreement. This allegation appears at Dkt. 12 at 22:23-22:24.

n. I deny Young's allegations that there was no instance in which my role (as to Millwright) and the role of CFO Rick (as to Millwright) diverged or the duties were separately exercised. This allegation appears at Dkt. 12 at 22:25-22:26.

o. I deny Young's allegations that CFO Rick and I acted as a single economic unit in carrying out CFO responsibilities assigned by Agreement. This allegation appears at Dkt. 12 at 22:27-23:2.

p. I deny Young's allegations that CFO Rick's provision of services to Millwright and my performance of the Company's CFO role are indistinguishable. This allegation appears at Dkt. 12 at 24:13-24:16.

<u>Re: Alleged Misconduct, Compensation Disputes,</u>

<u>and Wrongdoing (Later Developments)</u>

q. I deny Young's allegations that CFO Rick and I worked in concert to unilaterally and substantially increase the monthly payments made to CFO Rick. This allegation appears at Dkt. 12 at 21:12-21:15.

r. I deny Young's allegations that Invoices for CFO Rick's services were prepared and presented to me alone, who then decided whether, when and how much to pay CFO Rick, including periodic pay increases that were not approved and often directly violated the direction of the Company's CEO. This allegation appears at Dkt. 12 at 21:16-21:20.

RUBINSTEIN LAW

s.  I deny Young's allegations that CFO Rick and I improperly recorded late payment penalties and interest as owed and accruing. This allegation appears at Dkt. 12 at 21:21-21:22.

t.  I deny Young's allegations that CFO Rick and I claimed CFO Rick was owed an accruing balance for unapproved and unjustified fees totaling over $200,000. This allegation appears at Dkt. 12 at 7:26-7:28.

u.  I deny Young's allegations that CFO Rick, acting in concert with me, misappropriated upwards of $1,000,000 from Millwright. This allegation appears at Dkt. 12 at 7:22-7:25.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the information provided in this form and all attachments is true and correct.

DATED: December 30, 2025

By _____
Signed by:
820D3008799C405...

RICK BELGARDE