UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CFO RICK INC.,

          Plaintiff,

    v.

MICHAEL YOUNG,

          Defendant.

Case No. 25-cv-09896-EMC

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

Docket No. 45

Plaintiff CFO Rick Inc. filed suit against Defendant Michael Young, essentially seeking a declaration that it is not subject to an arbitration that Mr. Young initiated against CFO Rick as well as its CEO (Rick Belgarde). In February 2026, the Court issued an order denying Mr. Young's motion to compel arbitration and motion to dismiss. *See* Docket No. 31 (order). This effectively seemed to resolve the case, and thus the Court directed the parties to meet and confer to determine whether they could reach a stipulation on the resolution of this case. However, no agreement was reached because Mr. Young asserted counterclaims, both individually and derivatively on behalf of nominal party Millwright Holdings LLC. *See* Docket No. 36 (counterclaims).

CFO Rick subsequently filed the pending motion to dismiss the counterclaims. CFO Rick has raised a number of arguments, including but not limited to jurisdictional ones. After Mr. Young failed to respond, the Court contacted the parties to see if the dispute had been resolved. The Court learned that the parties had agreed to an extension for Mr. Young but failed to file a stipulation. The Court admonished the parties for that failure but gave Mr. Young until May 14, 2026, to file his opposition.

United States District Court
Northern District of California

United States District Court
Northern District of California

No opposition was filed on May 14.  The Court thereafter issued an order to show cause.  Specifically, the Court instructed Mr. Young to show cause as to why the Court should not grant CFO Rick's motion based on Mr. Young's failure to oppose.  The Court instructed Mr. Young to file his response by May 20, 2026, and expressly warned him that, "[i]f no response is filed, then [Mr. Young] runs the risk that the Court will grant [CFO Rick's] motion."  Docket No. 50 (order).

Mr. Young has now failed to file a response to the order to show cause.  Given that Mr. Young was given an extension to file his opposition and then an opportunity to demonstrate why his counterclaims should not be dismissed for failure to oppose, the Court now finds that dismissal is appropriate.  The Court accordingly grants CFO Rick's motion to dismiss the counterclaims.  The dismissal is with prejudice to the extent that the Court shall not permit Mr. Young to pursue the counterclaims in this forum.  However, to be clear, the Court has not adjudicated the merits of Mr. Young's counterclaims.  The Court expresses no opinion as to whether Mr. Young may pursue his counterclaims in another forum.

Given the Court's ruling, the parties are now effectively back at square one, where the Court has denied Mr. Young's motion to compel arbitration (and motion to dismiss).  The Court orders the parties to meet and confer again to determine whether they can reach a stipulation on a resolution of this case in light of the Court's denial of those motions.  A joint status report shall be filed within one week of the date of this order.

This order disposes of Docket No. 45.

**IT IS SO ORDERED**.

Dated: May 21, 2026

_____
EDWARD M. CHEN
United States District Judge

2